UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DANA EILEEN LYNCH,

Plaintiff,

v.

LANA DEL REY, *et al.*,

Defendants.

Case No. 1:26-cv-05446-JLT-CDB

ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE LOCAL RULES

(Doc. 3)

**14-DAY DEADLINE**

Plaintiff Dana Eileen Lynch ("Plaintiff"), proceeding pro se, initiated this action with the filing of a complaint on April 27, 2026, and a first amended complaint ("FAC") on June 6, 2026, in state court against Defendants Lana Del Rey and UMG Recordings, Inc. ("UMG")[1] (collectively, "Defendants") before UMG removed the case to this Court on July 13, 2026. (Doc. 1). On July 20, 2026, UMG filed the pending motion to dismiss the FAC or for a more definite statement and request for judicial notice in support thereof, and served the motion and request for judicial notice upon Plaintiff. (Docs. 3, 5, 6). Plaintiff failed to timely file either an opposition or statement of non-opposition as required under the Local Rules. *See* Local Rule 230(c) (requiring the non-moving party to file an opposition or statement of non-opposition within 14 days of the

[1] UMG was erroneously sued as Universal Music Group, Inc. and Interscope Records. *See* (Doc. 1 at 1).

motion's filing).

**Order to Show Cause**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, Plaintiff's opposition or statement of non-opposition was due on or before August 7, 2026 (14 days, *see* Local Rule 230(c), plus 3 days for service by mail, *see* Fed. R. Civ. P. 6(d)). Plaintiff has failed to file an opposition or statement of non-opposition to the pending motion, and the time to do so has now passed. Because Plaintiff's conduct violates Local Rule 230, the undersigned will order Plaintiff to show cause in writing why sanctions should not issue.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff shall show cause in writing **within 14 days** of the date of service of this order why sanctions should not be imposed for her failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to the pending motion to dismiss filed on July 20, 2026 (Doc. 3).
2. **Any failure by Plaintiff to timely respond to this Order may result in the recommendation that this action be dismissed for a failure to obey the Local Rules, failure to obey a court order, and failure to prosecute.**

IT IS SO ORDERED.

Dated: **August 11, 2026**

UNITED STATES MAGISTRATE JUDGE